# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MATTHEW J. RYAN,

                                   Plaintiff,

       v.                                            1:13-CV-1451
                                                         (GTS/ATB)

JUDGE CATHERINE CHOLAKIS, et al.,

                                   Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MATTHEW J. RYAN
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Matthew J. Ryan. (Dkt. Nos. 1, 2).

**I.   IFP Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.  Complaint

In this civil rights complaint, plaintiff alleges various constitutional violations, resulting from a divorce/custody action involving plaintiff and his wife, that was

pending before Judge Cholakis. Complaint ("Compl.") The complaint contains seven causes of action. (Compl. at pp.3-5).[1] Plaintiff claims that defendant Judge Catherine Cholakis was biased in her handling of the divorce action, and that she violated various rules and state statutes governing the case. (Compl. at 3-4, 5). Plaintiff claims that the Judge was biased in favor of plaintiff's wife because the Judge was running for "political office," and plaintiff's wife was employed by the "New York State Republican Party." (Compl. at 3). Plaintiff alleges that the Judge should have recused herself from handling the case. Plaintiff claims that his wife violated court orders, but suffered no consequences as a result, and that Judge Cholakis allowed hearings and trials to proceed in the face of a Federal Court "stay." (Compl. at 4). Plaintiff alleges that he reported the Judge's misconduct to the New York State Commission on Judicial Conduct and to Judge Gail Prudenti, Chief Administrative Judge of the Courts of New York State, but that neither the Commission, nor Judge Prudenti took any action on plaintiff's behalf. (Compl. at 4).

Plaintiff also claims that defendant Arthur Dunn, who apparently was the child's guardian ad litem, allowed the violations and the "damage" to continue because of the "political relationship" that he had with plaintiff's wife. Plaintiff claims that defendant Dunn has failed to protect the plaintiff's relationship with his daughter and damaged her financial interests. (Compl. at 5). Plaintiff states that he has not had "access" to his daughter for more than four years.

Finally, plaintiff alleges that he reported his wife's "criminal" actions to the

---

[1] The court is citing to the pages of the complaint as assigned by the court's electronic filing system CM/ECF.

New York State Police, but that the police failed to investigate or charge plaintiff's wife with any crimes. Plaintiff claims that this is because his wife is a woman and had friends who were New York State Troopers. Plaintiff claims that when he tried to see his daughter, a trooper prevented him from doing so.

Plaintiff seeks substantial monetary relief, together with various forms of injunctive relief, including Judge Cholakis's removal from the bench and an investigation of the New York State Police. (Compl. at 6). For a more complete statement of plaintiff's claims, reference is made to the complaint herein.

## III. <u>Judicial Immunity</u>

### A. **Legal Standards**

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at

4

11-12.

   B.   **Application**

Plaintiff in this case is suing Judge Cholakis for actions taken while presiding over a case in her court. The actions that plaintiff complains about were taken within the judge's jurisdiction, regardless of whether plaintiff claims that the actions were biased, in violation of court rules or statutes, or even corrupt. There is no indication that any of Judge Cholakis's actions were taken in "absence" of jurisdiction as opposed to in "excess" of jurisdiction.

Plaintiff claims that Judge Cholakis allowed an action to go forward against plaintiff in violation of a Federal Court "stay," issued against plaintiff. Plaintiff does not explain what the "stay" involved, but the court notes that in 2010, this plaintiff was both a criminal defendant[2] and a civil defendant in the Northern District of New York.[3] *See Securities & Exchange Comm'n v. Ryan*, 1:10-CV-513 (NAM/RFT); *United States v. Ryan*, 1:10-CV-319 (NAM). In the civil action, Senior Judge Mordue issued an order, freezing plaintiff's assets, to which plaintiff later consented. *Securities & Exchange Comm'n v. Ryan*, 1:10-CV-513 (Dkt. Nos. 6, 11). Plaintiff's wife moved to intervene in the action "so as to permit her to proceed with the Divorce Action," and Judge Mordue signed a "Joint Stipulation and Order," modifying the

---

[2] Plaintiff is currently incarcerated as a result of the federal criminal action.

[3] This court may take judicial notice of its own orders. Additionally, in this case, plaintiff has referred to the stay in his complaint, and his allegation that Judge Cholakis violated the terms of the stay is the basis for one of his claims, thus, the court may also find that the order is integral to the complaint and consider it. *Telesca v. Long Island Housing Partnership, Inc.*, 443 F. Supp. 2d 397, 402-403 (E.D.N.Y. 2006) (citations omitted).

5

asset freeze "solely to permit the Divorce Action to proceed . . . ." *Id.* (Dkt. No. 88). Thus, even if Judge Cholakis were not entitled to judicial immunity, she did not "violate" the federal court stay in proceeding with the divorce action.[4] This court must therefore recommend dismissal as against Judge Cholakis.

Plaintiff also names A. Gail Prudenti, Chief Administrative Judge. Plaintiff states that he brought Judge Cholakis's alleged "conflict of interest" to Judge Prudenti's attention. (Compl. at 3-4). Plaintiff appears to have named Judge Prudenti because she did not take any action against Judge Cholakis. Even assuming that Judge Prudenti had some responsibility for the assignment or removal of judges,[5] this has been held to be a judicial function in the sense that it directly concerns the "case deciding process." *See Parent v. New York*, 786 F. Supp. 2d 516, 532 (N.D.N.Y. 2011) (granting immunity to Judge Jonathan Lippman for his assignment of cases notwithstanding that the duty is not directly related to a particular case). Thus, this court also recommends dismissal as to Judge Prudenti.

---

[4] In fact, Judge Cholakis issued an order in the matrimonial action, refusing to violate the federal court "injunction." (Dkt. No. 81-4 in 10-CV-513). A copy of the Judge Cholakis's order was attached to Colleen Ryan's motion to intervene in the federal civil action. (*Id.*) Judge Cholakis specifically stated that while the Supreme Court of Rensselaer County may not fit within those enjoined by the federal court order, "this Court is loathe to risk being in contempt of an order of the Federal District Court. Therefore, unless and until that Court makes clear that its injunction would not be violated by continued proceedings here, the equitable distribution phase of the instant action will be stayed." (*Id.* at 3-4). The court notes that even though Judge Cholakis was a Family Court Judge, she was Acting Supreme Court Justice for purposes of the divorce action. (*Id.* at 4). Thus, at all times, Judge Cholakis was acting within her jurisdiction.

[5] This court makes no such finding.

6

**IV.   Eleventh Amendment Immunity**

   **A.   Legal Standards**

The Eleventh Amendment provides that states have immunity against suits in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). A claim against a state agency is considered a claim against the state and implicates the Eleventh Amendment because the state is the "real" party in interest. *Id.* at 101. The Eleventh Amendment also bars suits against state agencies and state officers in their official capacities. *See Huang v. Johnson*, 251 F.3d 65, 70 (2d Cir. 2001). When the state or one of its "arms" is the defendant, sovereign immunity bars federal courts from entertaining law suits against them "regardless of the nature of the relief sought." *Penhurst*, 465 U.S. at 100. The Eleventh Amendment is not abrogated by section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

   **B.   Application**

Plaintiff names the New York State Commission on Judicial Conduct; the New York State Police; the New York State Unified Court System; the Family Court in Rennselaer County; and the Supreme Court in Rennselaer County. All of these defendants are entitled to Eleventh Amendment immunity.[6] *See e.g. McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App'x 121, 122-23 (2d Cir. 2010) (dismissing suit against the Unified Court System and the Commission on Judicial

---

[6] There is an exception to Eleventh Amendment immunity for certain forms of prospective injunctive relief to prevent an ongoing violation of federal law. *See Zeigler v. New York*, No. 5:11-CV-37, 2013 WL 2461453, at *5 (N.D.N.Y. June 7, 2013) (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)). The alleged violations in this case have already taken place, and the exception is not applicable.

7

Conduct under the Eleventh Amendment); *Cohen v. New York*, No. 1:10-CV-1300, 2011 WL 3555857, at *3 (N.D.N.Y. Aug. 11, 2011) (finding that the Commission on Judicial Conduct was created by a New York State Constitutional amendment and was entitled to sovereign immunity).

## V. Color of State Law

### A. Legal Standards

In order to state a claim under section 1983, plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The law does not reach private conduct, no matter how "discriminatory or wrongful." *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). *See Sclafani v. Spitzer*, 734 F. Supp. 2d 288, 297 (E.D.N.Y. 2010) (citing *Brentwood Academy v. Tennessee*, 531 U.S. 288 (2001); *United States v. Morrison*, 529 U.S. 598, 691 (2000)).

### B. Application

Plaintiff names Arthur Dunn as a defendant. He claims that defendant Dunn has failed to protect plaintiff and the relationship with his daughter. Plaintiff states that Dunn failed to protect plaintiff's daughter when a foreclosure was filed in civil court, and that he "failed to do what he was legally mandated to do." (Compl. at 5). Although it is unclear what Mr. Dunn's position is, it appears that he may have been the guardian ad litem to plaintiff's daughter during the state court proceedings. It has been held that a guardian ad litem must exercise independent judgment on behalf of

8

his client. *Neustein v. Orbach*, 732 F. Supp. 333, 345 (E.D.N.Y. 1990). Mr. Dunn, therefore, would not act under color of state law for purposes of section 1983, and the case should be dismissed as against this defendant.[7]

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii) based on absolute immunity and failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 3, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[7] The court also notes that to the extent that plaintiff is challenging the state court divorce and custody proceedings, even as constitutionally defective, this court does not have jurisdiction over domestic relations issues. *Deuel v. Dalton*, No. 2011 WL 7096379, at *1-2 (N.D.N.Y. July 19, 2011) (RR), *adopted by* 2012 WL 235523 (N.D.N.Y. Jan. 25, 2012).