UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────────────────

MATTHEW J. RYAN,

                    Plaintiff,

v.

JUDGE CATHERINE CHOLAKIS; ARTHUR DUNN;
NEW YORK STATE COMM'N ON JUDICIAL
CONDUCT; NEW YORK STATE POLICE; A. GAIL
PRUDENTI; NEW YORK STATE UNIFIED COURT
SYS.; STATE OF NEW YORK FAMILY COURT,
C NTY. OF RENSSELEAR; and STATE OF NEW
YORK SUPREME COURT, CNTY. OF RENSSELEAR,

                    Defendants.
────────────────────────────────────────────

1:13-CV-1451
(GTS/ATB)

APPEARANCES:                                                  OF COUNSEL:

MATTHEW J. RYAN, 17951-052
  Plaintiff, *Pro Se*
Otisville Federal Correctional Institution
P.O. Box 1000
Otisville, New York 10963

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* civil rights action filed by Matthew J. Ryan ("Plaintiff") against the eight above-captioned entities and individuals ("Defendants"), are (1) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending the *sua sponte* dismissal of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) for failure to state a claim and absolute immunity, and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 4, 5.) After carefully reviewing the relevant filings in this action, the Court can find no error in the through Report-Recommendation, clear or otherwise:

Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 4.) The Court would add only the following analysis.

In his Objections, Plaintiff elaborates on various allegations asserted in his Complaint, and adduces records that either are referenced in the Complaint or are integral to the Complaint. (*Compare* Dkt. No. 1 *with* Dkt. No. 5.) For the sake of brevity, the Court will not linger on the extent to which these allegations do not constitute the sort of specific challenges necessary to warrant a de *no novo* review of Magistrate Judge Baxter's findings.

Generally, in the Second Circuit, a *pro se* plaintiff's papers in response to a motion to dismiss for failure to state a claim (which appears functionally analogous to a Report-Recommendation recommending the *sua sponte* dismissal of a complaint for failure to state a claim) may be considered as effectively amending the allegations of his complaint–to the extent those papers are consistent with the allegations in the complaint. Moreover, generally, in the Second Circuit, when contemplating a dismissal for failure to state a claim, a court may consider various matters outside the four corners of the complaint without triggering the standard governing a motion for summary judgment, including the following: (1) documents incorporated by reference in the complaint (and provided by the parties), and (2) documents that, although not incorporated by reference, are "integral" to the complaint.

As a result, the Court liberally construes Plaintiff's Complaint as effectively amended and/or supplemented by his Objections and 40 pages of attachments thereto (some of which post-date the Complaint and thus supplement it rather than amend it). Moreover, out of further special solicitude to Plaintiff, the Court considers the 28 pages of documents mailed by Plaintiff on January 6, 2014 (17 days after the deadline for his Objections).

However, these amendments and supplements do not cure the defects in Plaintiff's claims. For example, the Court has trouble understanding how Senior United States District Judge Norman A. Mordue Order of May 3, 2010, freezing Plaintiff's assets prevented New York State Acting Supreme Court Justice Catherine Cholakis from merely accepting a stipulation from Plaintiff in a divorce action on September 20, 2010 (agreeing that his wife could proceed to a default divorce based the second cause of action in her complaint)–a stipulation that appears to have *not* regarded the equitable distribution of assets. *Compare Sec. & Exch. Comm'n v. Ryan*, 10-CV-0513, Order Freezing Assets (N.D.N.Y. filed May 3, 2010) (Mordue, J.) *with Ryan v. Ryan*, Index No. 230472, Final Judgment and Decree of Divorce (N.Y. Sup. Ct., Rensselaer Cnty., filed Oct. 31, 2013) (Cholakis, J.).

In any event, out of an abundance of caution, rather promptly after learning of the Order Freezing Assets and permitting the parties to be heard on the issue, Judge Cholakis stayed the equitable-distribution phase of the divorce proceeding, pending her receipt of an order exempting the matrimonial action from the Order Freezing Assets. *Ryan v. Ryan*, Index No. 230472, Decision and Order (N.Y. Sup. Ct., Rensselaer Cnty., filed Oct. 27, 2010) (Cholakis, J.). She received that order on August 17, 2011, more than 26 months before the Final Judgement and Decree of Divorce was issued on October 31, 2013. *See Sec. & Exch. Comm'n v. Ryan*, 10-CV-0513, Joint Stipulation and Order (N.D.N.Y. filed August 17, 2011) (Mordue, J.).

Furthermore, as Judge Baxter points out, for the purpose of judicial immunity, there is a critical difference between a judicial act taken in *excess* of jurisdiction and a judicial act taken in the clear *absence* of jurisdiction. Generally, violating a stay, in and of itself, does not appear to be an act in the clear absence of jurisdiction. *See, e.g., Burton v. Infinity Capital Mgmt.*, 11-CV-1129, 2012 WL 607417, at *10-11 (D. Nev. Feb. 24, 2012) (holding that automatic stay imposed

3

by bankruptcy court did not divest state court of all jurisdiction over matter sufficient to render state court judge liable for an act in the clear absence of jurisdiction).

Finally, violations of state law (such as New York State Domestic Relations Law § 236, as alleged by Plaintiff) do not, in and of themselves, give rise to liability under 42 U.S.C. § 1983.[1] This is because Section 1983 provides, in pertinent part, that "[e]very person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by *the Constitution and laws*, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 [emphasis added]. The term "the Constitution and laws" refers to United States Constitution and *federal* laws.[2] Plaintiff's remaining arguments are so clearly lacking in merit as to be not worthy of a response.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: February 25, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[1] *See Doe v. Conn. Dept. of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990) ("[A] violation of state law neither gives [plaintiff] a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim."); *Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir. 1985) ("[A] state employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983 . . . .") (citation omitted).

[2] *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) ("The terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' *of the United States*.") (emphasis added); *Patterson*, 761 F.2d at 890 ("Recovery under 42 U.S.C. § 1983 . . . is premised upon a showing, first, that the defendant has denied the plaintiff a constitutional or *federal* statutory right. . . .") (citation omitted; emphasis added).